UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**EDWARD DONALD STURM,**

**Plaintiff,**

**v.** **Case No. 25-CV-1682**

**FRANK BISIGNANO,**
***Commissioner of Social Security*,**

**Defendant.**

---

## ORDER

---

### I. Background

Sturm brought this action challenging the Commissioner of Social Security's denial of benefits pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) Sturm filed an opening brief (ECF No. 12), but instead of filing a response brief, the Commissioner filed a stipulated motion to remand the case to an Administrative Law Judge (ECF No. 19). The Court granted that motion and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 20.) Sturm then filed a motion for an award of fees under the Equal Access to Justice Act (EAJA). (ECF No. 22.) Sturm seeks a total award of $16,461.90, which includes $13,848.90 in EAJA attorney fees for the merits litigation, $2,613 in fees for the time spent on the reply brief in support of the motion for fees, and $405 for filing fees. (ECF No. 32, at 14.) The Commissioner objects to the amount

of attorney fees sought, but the Commissioner does not object to Sturm's request for $405 for filing fees. (ECF No. 31.)

## II. Analysis

### a. Entitlement to an Award of Fees

Under the Equal Access to Justice Act (EAJA), a district court shall award fees and other expenses to the prevailing party in a civil action brought against the United States unless the government's position was substantially justified or special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1); *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 862 (E.D. Wis. 2018).

Sturm is a prevailing party because the court remanded this case pursuant to the fourth sentence of 42 U.S.C. § 405(g). *Jensen*, 343 F. Supp. 3d at 862 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993)). The Commissioner does not argue that his position was substantially justified or that special circumstances would make an award of fees unjust. Consequently, Sturm is entitled to an award of fees under EAJA. The remaining question is what the amount of that award will be.

### b. Amount of Award

If a party is entitled to an award of fees under EAJA, the court must then determine whether the amount sought is reasonable. *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 914 (E.D. Wis. 2004). An EAJA award includes the party's reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Attorney fees are reasonable if both the hourly rate and the amount of time spent on the litigation are reasonable. *Wirth*, 325 F. Supp. 2d at 914.

### i. Hourly Rate

EAJA caps the hourly rate for attorney fees at $125 per hour, but it provides an exception where "an increase in the cost of living…justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A claimant can show an increase in the cost of living by relying on a "general and readily available measure of inflation such as the Consumer Price Index." *Jensen*, 343 F. Supp. 3d at 863 (citing *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015)). The rate must also be reasonable considering the "prevailing market rates for the kind and quality of services furnished." 28 U.S.C. § 2412(d)(2)(A).

Sturm has requested attorney fees at an hourly rate of $261.30. (ECF No. 22, at 2.) Attorney Shafer calculated this rate by starting with the $125 per hour cap and adjusting it by the amount that the cost of living has increased since March of 1996, when the cap was last set, using the Consumer Price Index for All Urban Consumers. (ECF No. 23, at 4.) Sturm asserts that this rate is consistent with the prevailing rate for lawyers in the community of comparable skill, experience, and reputation providing similar services. (ECF No. 23, at 4.)

Attorney Shafer's cost of living adjustment used the Consumer Price Index as a measure of inflation and his calculation appears to be correct. The Court has no reason to believe that $261.30 per hour is greater than the prevailing market rate of similar lawyers. The government has not objected to Attorney Shafer's hourly rate either on the basis of the cost of living adjustment or the prevailing market rate. The Court concludes that $261.31 is a reasonable hourly rate.

### ii. Amount of Time Spent

While Attorney Shafer spent 61.75 hours working on this matter, Sturm seeks attorney fees for only 53 of those hours. (ECF No. 23, at 4.) The Commissioner argues that this amount is unreasonable, and Sturm should only be awarded fees for 41.35 hours of Attorney Shafer's time. (ECF No. 31, at 12.)

The Commissioner points out that Attorney Shafer spent 12.5 hours of time on this matter before the complaint was filed and contends that this is unreasonable. (ECF No. 31, at 6–7.) Citing to several district court cases outside the Seventh Circuit, the Commissioner argues that 1.5 to 2.5 hours is the range of reasonable time for pre-complaint tasks. (ECF No. 31, at 7.) But Attorney Shafer's time entries do not suggest that he spent 12.5 hours drafting the complaint. (ECF No. 23-3.) Rather, Attorney Shafer represents that out of the 12.5 hours spent before the complaint was filed, 10.5 were spent reviewing the record and conducting research. (ECF No. 32, at 10.) It does not seem particularly relevant that Attorney Shafer began these tasks, which were certainly aimed at drafting the opening brief, before the complaint was filed rather than after the complaint was filed.

Attorney Shafer's pre-complaint entries include time spent drafting "case initiation documents." (ECF No. 23-3.) The Commissioner suggests that this phrase must refer to "[f]ile creation and maintenance" tasks and drafting and filing the complaint, and he argues that both categories are non-compensable clerical tasks. (ECF No. 31, at 5–6.) Sturm represents that "case initiation documents" means drafting the complaint, civil cover sheet, and disclosure statement—not "file creation

and maintenance." (ECF No. 32.) The Court has no reason to second-guess that representation. These tasks are legal work that are compensable under EAJA. *See Neave v. Astrue*, No. 7-C-301, 2008 U.S. Dist. LEXIS 90672, at *7 (E.D. Wis. Feb. 4, 2008) (awarding fees for time spent drafting the complaint); *see also Miller v. Comm'r of Soc. Sec.*, No. 19-CV-65, 2020 U.S. Dist. LEXIS 27850, at *7 (S.D. Ill. Feb. 19, 2020) (awarding fees for time spent drafting the complaint and civil cover sheet). It would be incongruous to hold that attorneys cannot recover fees for time spent preparing these documents when they are required to review and sign them before they are filed. *See* Fed. R. Civ. P. 11(a).

The Commissioner also contends that the 45.5 hours that Attorney Shafer spent on research and drafting the opening brief are excessive. The Commissioner actually underestimates the hours that Attorney Shafer spent on the opening brief, because he does not count any of the hours that Attorney Shafer spent before filing the complaint. As discussed above, Attorney Shafer spent approximately 10.5 hours before the complaint was filed reviewing the record and conducting research. Including those hours, Attorney Shafer actually spent 56 hours reviewing the record, conducting research, and drafting the opening brief.

Looking at other cases for comparison, 56 hours spent on the opening brief does appear to be excessive. *Isidro V. v. Bisignano*, No. 25-C-12006, 2026 U.S. Dist. LEXIS 135491, at *7 (N.D. Ill. Apr. 30, 2026) (reducing time spent on the opening brief from 49.75 to 43 hours); *Martinez v. Kijakazi*, No. 20-CV-70, 2022 U.S. Dist. LEXIS 146182, at *5–6 (N.D. Ind. Aug. 15, 2022) (concluding that 44.2 hours working on the opening

brief was reasonable); *Evans v. Berryhill*, No. 17-CV-54, 2018 U.S. Dist. LEXIS 55373, at *9 (N.D. Ind. Apr. 2, 2018) (concluding that 33.1 hours spent on the opening brief was reasonable); *Pitman v. Berryhill*, No. 15-CV-356, 2017 U.S. Dist. LEXIS 168740, at *6 (N.D. Ind. Oct. 12, 2017) (concluding that 39.4 hours spent reviewing the record and drafting the opening brief was reasonable); *Wright v. Berryhill*, No. 14-CV-8163, 2017 U.S. Dist. LEXIS 91489, at *6–7 (N.D. Ill. June 14, 2017) (concluding that it was unreasonable to spend 22.75 hours reviewing the record and an additional 31.85 hours drafting the opening brief and reducing the award by 10 hours); *Monk v. Colvin*, No. 15-CV-233, 2016 U.S. Dist. LEXIS 112633, at *5 (N.D. Ind. Aug. 23, 2016) (concluding that 37.6 hours spent reviewing the record and drafting the opening brief was reasonable); *Burke v. Astrue*, No. 8-C-50136, 2010 U.S. Dist. LEXIS 31512, at *8 (N.D. Ill. Mar. 31, 2010) (concluding that 34.4 hours spent reviewing the administrative transcript, performing legal research, and drafting brief was reasonable); *but see Roell v. Bisignano*, No. 24-CV-446, 2026 U.S. Dist. LEXIS 105083, at *2–3 (W.D. Wis. May 12, 2026) (concluding that 54.9 hours spent reviewing the record and preparing the opening brief was reasonable).

While 56 hours spent on the opening brief may be excessive, Sturm has already reduced his total hours spent on this case by 8.75. If that reduction is applied to the time spent on the opening brief, that puts Attorney Shafer's opening-brief time at 47.25 hours. That amount of time does not seem unreasonable in this case. The administrative record was voluminous at 1,180 pages. Attorney Shafer's 26-page opening brief was detailed and argued four independent issues. "It was not

unreasonable for counsel to spend the time necessary to produce a thorough opening brief, particularly because counsel's effort led the commissioner to stipulate to remand." *Roell*, 2026 U.S. Dist. LEXIS 105083, at *3; *see also Harris v. Barnhart*, 259 F. Supp. 2d 775 (E.D. Wis. 2003) (holding that it was not excessive for counsel to spend over forty hours briefing where he was required to review and analyze an unfamiliar record and provided thorough briefing).

Moreover, the 8.75-hour reduction brings Attorney Shafer's total hours spent in this case to 53, which is well within the 40 to 60 hour range which courts in the Seventh Circuit have consistently stated is standard for Social Security appeals to district courts. *Jensen*, 343 F. Supp. 3d at 864 (quoting *Cummings v. Berryhill*, No. 14-CV- 10180, 2017 U.S. Dist. LEXIS 33502, at *3 (N.D. Ill. Mar. 8, 2017)); *Isidro V.*, 2026 U.S. Dist. LEXIS 135491, at *4; *Branham v. Comm'r of Soc. Sec.*, No. 20-CV-164, 2021 U.S. Dist. LEXIS 177369, at *6–7 (N.D. Ind. Sep. 17, 2021); *Hughes v. Saul*, No. 18-CV-378, 2020 U.S. Dist. LEXIS 106918, at *5 (W.D. Wis. June 17, 2020); *Spraggins v. Berryhill*, No. 16-C-7304, 2018 U.S. Dist. LEXIS 16831, at *3 (N.D. Ill. Feb. 1, 2018).

Because the hourly rate of $261.30 per hour is reasonable and the 53 hours of time spent on this case for which Sturm seeks attorney fees is reasonable, the Court will award the $13,848.90 sought for attorney fees for the merits litigation.

### c. Fees for EAJA Reply Brief

In addition to the fees sought for the merits litigation, Sturm seeks an additional $2,613 hours for 10 hours spent on the EAJA reply brief (a reduction from the 19.5 hours actually expended by Attorney Shafer). (ECF No. 32, at 14.)

"Generally, time spent on a motion for fees is compensable." *Rankin v. Colvin*, No. 13-CV-50197, 2015 U.S. Dist. LEXIS 99354, at *11 (N.D. Ill. July 30, 2015) (citing *Comm'r v. Jean*, 496 U.S. 154, 162 (1990)). Looking at other cases for comparison, 10 hours does not appear to be an unreasonable amount of time to expend on an EAJA reply brief. *Isidro V.*, 2026 U.S. Dist. LEXIS 135491, at *7 (awarding attorney fees for 10 hours spent on the EAJA reply brief); *Steuernagel v. O'Malley*, No. 22-CV-593, 2024 U.S. Dist. LEXIS 158467, at *6–7 (E.D. Wis. Sep. 4, 2024) (awarding attorney fees for 10.6 hours spent on the EAJA reply brief). The Court will award the $2,613 sought for Attorney Shafer's time spent on the EAJA reply.

**IT IS THEREFORE ORDERED** that plaintiff is awarded $16,491.90 for attorney fees and expenses and $405.00 in costs in full satisfaction of any and all claims that may be payable to plaintiff in this matter under EAJA, 28 U.S.C. § 2412. Any fees paid belong to plaintiff and not plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If defendant can verify that plaintiff does not owe a pre-existing debt to the government subject to the offset, defendant will direct that the award be made payable to **Ryan Shafer** pursuant to the EAJA assignment

duly signed by plaintiff. If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record:

**Shafer Disability Law, LLC**
**Ste. 220**
**4422 N. Ravenswood Ave.**
**Chicago, IL 60640**

Dated at Green Bay, Wisconsin this 29th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge